IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| vs. | * | No. 4:01CR00212 SWW |
| | * | (No. 4:07CV112 SWW) |
| FONTAINE DEMMOND SHERMAN, | * | |
| | * | |
| Petitioner. | * | |

**Memorandum Opinion and Order**

Petitioner Fontaine Demmond Sherman was convicted of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base. He was sentenced to 20 years imprisonment. His conviction and sentence were affirmed on appeal. *United States v. Sherman,* 440 F.3d 982 (8th Cir. 2006). Now before the Court is Sherman's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government responded in opposition to the motion. For the reasons that follow, the Court finds that the motion should be denied.[1]

**Background**

Petitioner Sherman was charged in a superceding indictment entered on August 4, 2004, with one count of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846,

---

[1] Section 2255 does not require that the court hold an evidentiary hearing on the motion if the files and records of the case show conclusively that the prisoner is entitled to no relief. 28 U.S.C. § 2255.

and one count of knowingly and intentionally using a telephone to commit and facilitate the commission of a drug felony in violation of 21 U.S.C. § 843(b).  On August 23, 2004, a jury convicted him of the drug conspiracy count but found him not guilty of use of a telephone to facilitate a drug felony.  The jury was unable to unanimously agree on the drug quantity.  The jury also found petitioner was not an organizer or leader.

The drug conspiracy carried a statutory mandatory sentence of not less than ten years or more than life imprisonment.  However, because petitioner had a prior drug felony conviction, the United States filed a motion to enhance his sentence under 21 U.S.C. § 851.  As a result, the mandatory sentence applicable to petitioner was not less than twenty years or more than life imprisonment.  Petitioner was sentenced to the minimum term of imprisonment, twenty years.

Sherman filed an appeal following his conviction, challenging the sufficiency of the evidence to support his conspiracy conviction and the enhancement of his sentence based on a prior drug felony conviction.  His conviction and sentence were affirmed on appeal.  *United States v. Sherman,* 440 F.3d 982 (8th Cir. 2006).  The Eighth Circuit denied petitioner's petition for rehearing and rehearing en banc.  In the motion before the Court, Sherman asserts ineffective assistance of counsel, prosecutorial misconduct, and lack of jurisdiction.

**Discussion**

**1.    Ineffective Assistance of Counsel**

Petitioner's chief argument is that his counsel, Alvin Schay, was ineffective because there was no evidence to support the conviction.  The Eighth Circuit opinion affirming Sherman's conviction and sentence holds there was sufficient evidence to support his conviction.

The issue before this Court is whether counsel was ineffective, not the sufficiency of the evidence.

To establish that he was deprived of effective assistance of counsel, Sherman must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The court need not address both components if the plaintiff makes an insufficient showing on one of the prongs. *Id.* at 697.

When examining whether an attorney has failed to meet the *Strickland* standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Furthermore, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. The correct inquiry is not whether counsel's decision was correct or wise, but whether it "was an unreasonable one which only an incompetent attorney would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417 (8th Cir. 1983).

The prejudice prong requires Sherman to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). "Prejudice, for purposes of an ineffective assistance of counsel claim, means that 'one's confidence in the outcome of the trial is undermined.'" *United States v. Flynn,* 87 F.3d 996, 1000-01 (8th Cir. 1996) (citations omitted).

Sherman argues Schay "should have pursued questioning of Witness Jason Shiver, as to his testimony before the grand jury."[2] Sherman claims counsel let "the fact that the indictment was based on Mr. Shiver's perjurious testimony before the grand jury . . . fall by the wayside" and thus was ineffective.[3] The trial transcript shows that Schay cross-examined Shiver about his knowledge of Sherman, his inconsistent statements to the FBI, his faulty memory, and Shiver's extensive criminal history.[4]

Sherman claims Schay did not object to the "hearsay" testimony of Lovell Lud.[5] The record reflects that at trial, Lud identified Sherman and said he had seen Sherman sell crack and powder cocaine but did not buy either of those drugs from Sherman. Lud testified Sherman bragged to him about his Mexican drug connections. The only testimony Lud gave that possibly could be challenged as hearsay was his testimony about what co-defendant Tremayne Scoggins told him. However, this testimony would not be hearsay because it was an admission of a party opponent, admissible against Scoggins, and because it incriminated Scoggins and not Sherman.[6] Schay's cross-examination of Lud included two objections to testimony outside the scope of the indictment which were sustained, and one motion to strike the testimony. After Lud was excused, the Court allowed Schay to ask more questions of Lud that Sherman had wanted

---

[2] Pet's. Br. in Support at 4.

[3] *Id.* at 6.

[4] Trial Trans., docket entry 769, vol. 3 at 494-501, 505-6.

[5] Pet's. Br. in Support at 5.

[6] Trial Trans., docket entry 769, vol. 3 at 510-19.

Schay to ask.[7]  The Court finds that counsel's conduct regarding both Shiver and Lud fell within the wide range of professionally reasonable assistance.

Sherman complains, based on a letter he received from Schay, that his counsel was ineffective because Schay suggested other grounds on which Sherman might get his conviction set aside.  Schay suggested Sherman argue that Schay "should have made an issue in [his] 8th Circuit brief about [his] objection that the jury did not find an amount, or [Sherman's] argument on Crack vs. Powder.  It could also allege [Schay] didn't properly argue the sufficiency of evidence on appeal."[8]  The sentencing disparity between crack cocaine and powder cocaine has been settled by the Eighth Circuit for quite some time, *see United States v. Lewis,* 90 F.3d 302 (8th Cir. 1996)(rejecting equal protection challenge to the 100 to 1 ratio for sentencing of cocaine base versus cocaine powder); *United States v. Spears,* 469 F.3d 1166 (8th Cir. 2006)(neither *Booker* nor § 3553(a) authorizes district courts to reject 100 to 1 quantity ratio and use a different ratio in sentencing).  Schay was not ineffective for failing to raise the ratio issue on appeal.

Sherman argues his counsel was wrong about getting him released on bond, and argues his counsel should have filed a motion for severence because Scoggins was prepared to testify that Sherman was not a part of the conspiracy.[9]  The Eighth Circuit has held that defendants charged in a conspiracy generally should be tried together.  "Despite the preference for joint trials, the district court has the discretion to order severance under Fed.R.Crim.P. 14 if the

---

[7]*Id.* at 521-7.

[8]Pet's. Br. in Support at 6-7.

[9]*Id.* at 26.

defendant will be prejudiced by the joinder, such as mutually antagonistic defenses." *United States v. Joiner,* 418 F.3d 863, 868 (8th Cir. 2005). Sherman makes no such assertion and fails to establish ineffective assistance of counsel on this basis.

Sherman claims Schay's cross-examination of Floyd Cooper was deficient because Schay did not ask Cooper if he was the only source of drugs to Scoggins. Schay's response to Sherman was that Cooper did not mention Sherman's name.[10] Exhibit 12 to Sherman's brief in support of his § 2255 motion appears to be handwritten notes from Schay to Sherman stating: "Listen close to make sure a witness doesn't mention you. . . . As long as a witness doesn't ID you, I don't want to ask questions. In closing argument I can list all the witnesses that don't mention you." This defense strategy is not unreasonable and does not show ineffective assistance of counsel.

In addition, Sherman argues there was insufficient evidence to convict him, the jury was confused by the jury instructions, and that the verdict was contradictory and confusing. As stated earlier, the Eighth Circuit held there was sufficient evidence to support the jury's verdict. *United States v. Sherman,* 440 F.3d 982 (8th Cir. 2006). Further, there is no evidence the jury was confused. Sherman was tried with two co-defendants, Scoggins and Larry Brown. Brown was found not guilty; Scoggins was found guilty on two counts and not guilty on three counts. The jury could not render a verdict on a drug quantity; consequently, Sherman's sentence was based on the minimum amount contained in the indictment. There is nothing in the record to support Sherman's contention that the jury was confused.

Lastly, Sherman argues prosecutorial misconduct based on statements made by the Assistant United States Attorney Lavicka in his opening statement and closing argument.

---

[10] *Id.* at 27-8.

According to Sherman, Lavicka intentionally and maliciously told the jury that Sherman told Shiver that he was going to kill Shiver's mother. Sherman says Shiver testified there was never a direct threat, only an implied threat and so his attorney should have objected to the prosecutor's statement.

Jurors are instructed that opening statements and closing arguments are not evidence and should not be considered as evidence. Even if Lavicka made such statement in his opening statement, it correctly set forth Shiver's testimony. Shivers testified Sherman made threats, but none were direct. He said Sherman told him he should not be in court and that "something might happen to my mom, he knows where my mom stay."[11]

In closing argument, it was proper to remind the jurors of the threat made by Sherman because threats are evidence of guilt. *See United States v. Sherman,* 440 F.3d at 991("Sherman's threat to harm Shiver's mother in retaliation for testimony against Sherman was further evidence from which a jury could infer Sherman's involvement in the conspiracy").
The record reflects that Lavicka mentioned Shivers in closing argument, stating: "Fontaine Sherman told Jason Shiver that he was going to kill his mother if he testified." Schay then objected stating: "That's not the evidence. He said someone else told him that. The jurors will remember."[12] Then, later in closing, Lavicka said: "That's why [Shiver's] the one who Fontaine Sherman said would kill his mom, he testified."[13] The Court finds closing argument was not improper, and Schay did object.

---

[11] Trial Tr. (docket entry 769), vol. 3 at 488-9.

[12] *Id.*, vol. 5 at 907.

[13] *Id.* at 925.

The Court finds no merit to Sherman's claims of ineffective assistance of counsel or prosecutorial misconduct.  Further, the Eighth Circuit rejected his claim of insufficient evidence.

## Conclusion

The Court finds petitioner has failed to establish he is entitled to relief under 28 U.S.C. § 2255.  IT IS THEREFORE ORDERED that petitioner's motion  is denied.

DATED this 18th day of May 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE