IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FONTAINE DEMMOND SHERMAN,     *
     *
     Petitioner,     *
     *
vs.     *     No. 4:01CR00212-002 SWW
     *
UNITED STATES OF AMERICA,     *
     *
     Respondent.     *

**Memorandum Opinion and Order**

Pending before the Court are petitioner's motions for a new trial to which the government responded.  For the reasons stated below, the motions are denied.

**Background**

Petitioner Fontaine Demmond Sherman was convicted of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base.  He was sentenced to 20 years imprisonment.  His conviction and sentence were affirmed on appeal.  *United States v. Sherman,* 440 F.3d 982 (8th Cir. 2006).  On February 23, 2007, Sherman filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The Court denied the motion on May 18, 2007.  On July 6, 2007, Sherman filed a motion for a new trial which the Court denied on July 9, 2007. The Eighth Circuit dismissed Sherman's appeal of the denial of his § 2255 motion and motion for new trial.  On July 23, 2008, the Eighth Circuit denied Sherman's petition to authorize the filing of a successive §2255 petition, and on July 28, 2008, the Court denied Sherman's motion to reduce his sentence based on the retroactive application of amended guideline ranges for crack cocaine offenses.  Petitioner filed the two motions for new trial now before the Court in February 2009, and the government filed a response on June 4, 2009.

**Discussion**

Petitioner argues he is entitled to a new trial because of newly discovered evidence.  The newly discovered evidence is a videotaped deposition of Jason Shiver, a witness who testified against him at his criminal trial; a copy of a California state court judgment finding Shiver to be a drug addict;[1] and a copy of a docket entry showing the State of California dismissed three drug counts against Shiver.[2]  Petitioner argues that his trial counsel's strategy would have been different if he had known of the videotape at the time of trial.[3]  Petitioner contends his counsel would have been able to cross-examine Shiver more vigorously, and that the "interplay" between the videotape, the state court adjudication, and the dismissed drug charges would have created sufficient doubt about petitioner's guilt.

To the extent petitioner argues his counsel was ineffective for failing to impeach Shiver with evidence that was unavailable, he cannot use Rule 33 motion to raise claims better raised under a motion to vacate pursuant to 28 U.S.C. § 2255.  On July 23, 2008, the Eighth Circuit denied petitioner leave to file a successive § 2255 petition, and there is nothing in the record to show he has permission to file a successive petition.  Further, even if the taped deposition constituted newly discovered evidence, its absence at trial did not prejudice petitioner's defense.  The contents of the deposition are substantially similar to Shiver's grand jury testimony which was available at trial.[4]  Thus, if petitioner's counsel had wanted to vigorously cross-examine Shiver, he could have done so

---

[1] *See* Pet'r Mot. and Br. in Supp. Mot. for a New Trial, App. G.

[2] *Id.*, App. H; Pet'r Br. at 5.

[3] *Id.*, App. A.

[4] In both his grand jury testimony and the videotaped deposition, Shiver said he had seen petitioner  and one of his co-defendants conduct drug transactions.  *See* Appendix A and Appendix D, p.6. At trial, Shiver testified he suspected petitioner and one of his co-defendants of conducting drug transactions.  Appendix E, p. 489.

with the grand jury testimony.  Also, while the jury may not have known Shiver had been adjudicated a drug addict, he testified on cross-examination that he had been in a drug rehabilitation center in California.  *Id.* at 494-95.  Shiver also testified that he "took a deal" in state court.  *Id.* at 498.

In the alternative, petitioner fails to establish he is entitled to a new trial.  A new trial based on newly discovered evidence should be granted only if the following five elements are met: "(1) the evidence must have been discovered after the trial; (2) the failure to discover must not be attributable to a lack of due diligence on the part of the movant; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be likely to produce an acquittal if a new trial is granted."  *United States v. Fuller,* 557 F.3d 859, 863-64 (8th Cir. 2009)(quoting *United States v. Dittrich,* 264 F.3d 819, 821 (8th Cir. 2000).

Petitioner fails to establish these elements.  Here, the videotape was discovered after the trial, but it was substantially similar to Shiver's grand jury testimony and therefore is merely cumulative.  Further, petitioner acknowledges that the evidence would have been helpful only in impeaching Shiver.  Therefore, the motions for a new trial should be denied.

## Conclusion

IT IS THEREFORE ORDERED that petitioner's motions for a new trial [docket entries 965 and 968] are denied [5]

DATED this 11th day of June 2009.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[5]Petitioner's motion for order [docket entry 992] is denied as moot.