IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| FONTAINE SHERMAN | * | |
| | * | |
| vs. | * | No. 4:01CR00212 SWW |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |

**Memorandum and Order**

Before the Court is a motion for a writ of error coram nobis filed by Fontaine Demond Sherman ("Sherman") to which the government responded. Sherman filed a reply to the response. For the reasons stated below, the motion is denied.

Sherman was convicted of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base. The Court enhanced Sherman's statutory minimum sentence after finding he had a prior conviction for a drug felony in California. The enhancement resulted in Sherman facing a mandatory minimum sentence of twenty years rather than ten years. The Court sentenced Sherman to twenty years in prison.

The Eighth Circuit affirmed Sherman's conviction and sentence on appeal, *United States v. Sherman*, 440 F.3d 982 (8th Cir. 2006); denied a motion for certificate of appealability as to his motion for relief pursuant to 28 U.S.C. § 2255 and a hearing; and affirmed the denial of his motions for a new trial. *United States v. Sherman,* 366 Fed.Appx. 704 (8th Cir. 2010). Now he seeks relief from his sentence by writ of error coram nobis, arguing there was no hearing to establish his conviction for the California drug offense, he had no opportunity to challenge the

enhancement, and the Court failed to follow the colloquy requirement of 21 U.S.C. § 851(b) before enhancing his sentence.

The Court finds Sherman is not entitled to a writ of error coram nobis because he is still in federal custody. *United States v. Noske,* 235 F.3d 405, 406 (8th Cir. 2000)(case law precludes coram nobis relief to a federal prisoner). Further, the claims presented by his request for a writ attack the validity of his sentence which are solely cognizable under a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. There is a one-year period of limitation applicable to motions filed under § 2255, and before a prisoner may file a second or successive petition, he must obtain a certification from the court of appeals. *See* 28 U.S.C. § 2255(h).[1]

IT IS THEREFORE ORDERED that the motion for writ of error coram nobis [docket entry 1051] is denied.

DATED this 6th day of October, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] Sherman moved, in the alternative, for a certificate of appealability under Fed.R.App.P. 22(b). The Court assumes this is a request for permission to file a second or successive motion for relief under § 2255. Such a motion must be made in the court of appeals.