**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CASE NO. 4:01CR00212-02 SWW |
| | * | |
| FONTAINE  DEMMOND | * | |
| SHERMAN | * | |

## **ORDER**

For the reasons set out below, Defendant's Motion for Compassionate

Release (Doc. No. 1226) is DENIED.

## I.     BACKGROUND

On December 17, 2004, Defendant was sentenced to 240 months in prison.[1]

This was the  statutory minimum based on the 21 U.S.C. § 851 sentencing

enhancement[2] and the fact that Defendant was responsible for more than 1.5

kilograms of cocaine base and more than 150 kilograms of cocaine.[3]  His

conviction and sentence were affirmed by the Eighth Circuit.[4]

---

[1]Doc. No. 748.

[2]Doc. No. 690.

[3]Doc. No. 749.

[4]Doc. No. 807-2.

## II.   DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[1]  Defendant has neither alleged nor provided documentation showing he completed this step.

Even if this Court had jurisdiction, the request would be denied.  Defendant asserts that he is at a higher risk of contracting COVID-19 and suffering serious illness or death because he has diabetes, high blood pressure, and blood clotting.[2] First, these health issues are not severe enough to be "extraordinary and compelling."  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[3]  None of these

---

[1]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[2]Doc. No. 1226.

[3]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at

health issues are listed.  In fact, Defendant's health issues are common to most

men his age and there is nothing extraordinary and compelling about them.[4]

Furthermore, there is no assertion that they cannot be controlled with medication.

Second, "fear of contracting COVID-19 or of experiencing more intense symptoms

than the average person are not extraordinary or compelling enough reasons for

release."[1]  Third, Defendant is 48 years old,, which means he does not meet the age

requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his

request for relief must be denied because of the § 3553(a) factors – specifically,

protecting the public from additional crimes by Defendant and reflecting the

severity of the offense.

Defendant has three prior convictions, but two involved drugs and guns.  In

fact, he committed the instant offense while on supervision for a prior conviction.

---

least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13 cmt. n.1(C).

[4]*United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020)("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).").

[1]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020)

Defendant also has a history of gang affiliation and a conviction for "participa[nt]
in criminal street gang." Also relevant is the conduct for the instant offense.
Defendant was involved in nationwide drug trafficking conspiracy that lasted for at
least five years.  The record supports the fact that the conspiracy involved the
distribution of well-over 150 kilograms of cocaine powder and 1.5 kilograms of
cocaine base.

## CONCLUSION

For the reasons set out above, Defendant's Motion for Compassionate
Release (Doc. No. 1226) is DENIED.

IT IS SO ORDERED THIS 29TH DAY OF JUNE, 2020.

/s/ Susan Webber Wright
UNITED STATES DISTRICT JUDGE